HEATHER E. WILLIAMS, #122664
Federal Defender
LINDA C. ALLISON, #179741
Chief Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Tel: 916-498-5700 Fax: 916-498-5710
Linda_Allison@fd.org

Attorneys for Defendant
FELICIA G. BERNSTINE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FELICIA G. BERNSTINE<br><br>Defendant. | Case No. 2:14 –CR-0185 KJM<br><br>MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE; [PROPOSED] ORDER |

**I.    INTRODUCTION**

The defendant, Felicia G. Bernstine, hereby moves the Court to terminate her term of supervised release pursuant to 18 U.S.C. § 3583(e)(1) and Federal Rule of Criminal Procedure 32.1.  ***The probation officer does not oppose this request***.  Ms. Bernstine was sentenced in this case, by this Court, on July 1, 2015.  She was sentenced to time served (one day), and 36 months of supervised release which included a six-month term of home detention.  The 36-month period of supervised release was the maximum length of supervision under the applicable statute.

The offense in this case took place from 2010 to 2013 in the Southern District of Iowa.  Ms. Bernstine was arrested in this district on June 24, 2014 and released later that day under pretrial supervision.  Jurisdiction in this case was transferred to this district from the Southern District of Iowa in July of 2014 pursuant to Federal Rule of Criminal Procedure 20.  Ms. Bernstine was supervised by pretrial services for a little over a year before she was sentenced.

Pretrial had a positive assessment of her one-year period of pretrial supervision. See page 21 of the original Presentence Report. By the end of this year Ms. Bernstine will have completed 18 months of supervised release. She is in compliance with her terms and conditions of supervision. No petitions to revoke or modify her supervision have been filed.

## II.     APPLICABLE LAW

Title 18, section 3583(e)(1) of the United States Code authorizes the Court to terminate a defendant's term of supervised release at any time after the expiration of one year of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

Section 3583(e) directs the Court to consider the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) in deciding whether to terminate a term of supervised release. The Judicial Conference has identified the following criteria to assess eligibility for early termination:

> Officers should consider the suitability of early termination for offenders as soon as they are statutorily eligible. The general criteria for assessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for early termination are as follows:
>
> 1. Stable community reintegration (e.g. residence, family, employment);
> 2. Progressive strides toward supervision objectives and in compliance with all conditions of supervision;
> 3. No aggravated role in the offense of conviction, particularly large drug or fraud offenses;
> 4. No history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);
> 5. No recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;
> 6. No recent evidence of alcohol or drug abuse;
> 7. No recent psychiatric episodes;
> 8. No identifiable risk to the safety of any identifiable victim; and
> 9. No identifiable risk to public safety based on the Risk Prediction Index (RPI)

*Guide to Judiciary Policy*, Vol. 8E, Ch. 3 § 380.10(b), "Early Termination" (Monograph 109) (rev'd 2010).

Pursuant to the policy, *there is a presumption in favor of recommending early termination: for supervisees after the first 18 months if they are not "career violent and/or drug offenders, sex offenders, or terrorists," if they "present no identified risk to the public or victims," and if they are "free from any moderate or high severity violations." Id.* § 380.10(g)(emphasis added).

Further, on February 16, 2012, the Honorable Robert Holmes Bell, Chair of the Committee on Criminal Law of the Judicial Conference, issued a memorandum to all United States District Court Judges encouraging them to grant early termination of supervised release in appropriate cases as an effort to reduce expenditures in the probation and pretrial services programs. Terminating "appropriate cases before they reach their full term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism." Judge Bell's memorandum notes that supervision costs approximately $3,938 per year per case. Analysis by the Administrative Office of the Courts indicates that offenders who received early termination were "arrested less often, for less serious charges, and were sentenced to terms of imprisonment less often." Accordingly, "[f]rom a policy standpoint, it appears that the above criteria, when properly applied, does not jeopardize public safety." *Id.*

### III. MS. BERNSTINE HAS SATISTIED ALL THE CRITERIA FOR EARLY TERMINATION

Ms. Bernstine satisfies the factors set forth above for early termination. She has completed 18 months of supervision and there is no further treatment or programming that supervision can offer her. There are minimal special conditions for Ms. Bernstine and there is no further need for the government to monitor them. (She complete the six months of home detention and her restitution is being taken directly from her social security check by the Social Security Administration.)   Ms. Bernstine was drug tested for 12 months of pretrial release and 18 months of supervised release. There is no need for further drug testing. While she has serious physical and mental health issues resulting from her devastating illness (Stevens-Johnson Syndrome) in 2003 and 2004, there is nothing that supervision can do to alleviate those issues.

Ms. Bernstine's crime, not notifying the Social Security Administration of the income from her medical malpractice settlement, was one of opportunity that is unlikely to be repeated. There was nothing about her conviction or her crime that would indicate she poses any identifiable risk to the community or any particular victim. The probation department has had Ms. Bernstine participate in a risk assessment evaluation.

Ms. Bernstine has shown, to the extent she is able, stable community reintegration. She has close family ties. She does not work because of her disability. The only factor which does not weigh heavily in favor of termination is that she has not had a stable residence. This one factor is also the factor that is not helped or alleviated by supervision. Ms. Bernstine would have a stable residence with a niece, however that residence did not work out because of the fact that the niece regularly possessed and smoked marijuana in the home. Marijuana use might be permitted under state law, but is not something that US Probation tolerates as an acceptable living situation for federal supervisees. Further, Ms. Bernstine cannot move in with her son while on supervision because his wife is not amenable to opening up their home to the potential search by federal probation officers. Ms. Bernstine has also been denied some housing because of the fact that she is on federal supervision. Currently, Ms. Bernstine is living in an extended stay hotel, paid for by her son, because she no longer has social security income[1] and because she is unable to find other housing. The only alternative that the probation officer is able to propose to fix this situation is that Ms. Bernstine go to the halfway house. Not only is the halfway house akin to incarceration and not appropriate, the halfway houses in this district are in Fresno and the Tenderloin in San Francisco. Ms. Bernstine is blind and relies on family and familiarity to get around. She would be lost at a halfway house in cities in which she has no extended family. Such housing is also not a long-term solution.

The only additional help Ms. Bernstine needs is with regard to dealing with the social security administration which is now taking ALL of her income (to pay restitution ordered in this

---

[1] Although the Court ordered payments in the amount of $70- per month, the Social Security Administration was taking $90- per month from her disability check. Starting this month, the Social Security Administration has decided to take 100% of Ms. Bernstine's disability check. She has no other income except food assistance from the state. Her son, who runs a fitness training center in Colorado, has been sending her money.

case) and leaving her destitute. Probation was provided with the documents indicating that this was happening, but is not able to offer assistance or suggestions about how to deal with this situation.

Early termination would mean that Ms. Bernstine could freely travel to her son's home and live with him and his family for at least part of the year. It would also mean that she would be able to live with her niece. Unless the Social Security Administration reverses course and allows her to keep a portion of her disability check, for the next three years (it will take that long for the remainder of the restitution to be paid off) Ms. Bernstine will need to rely entirely on her family for a place to live. Terminating her from supervision will allow her to freely travel to their homes (in other districts) and live portions of the year with them. She has been compliant under supervision and is otherwise an ideal candidate for early termination.

The defense respectfully requests that the Court order that her term of supervision be terminated pursuant to 18 U.S.C. §3583(e).

A hearing is not requested at this time. The government has not decided with or not to oppose this motion. The probation officer is not opposed.

Dated: January 4, 2017

                                                  HEATHER E. WILLIAMS
                                                  Federal Defender

                                                  */s/* Linda C. Allison
                                                  Attorney for Defendant
                                                  FELICIA BERNSTINE

**ORDER**

Pursuant to 18 U.S.C §3583(e)(1), the Court hereby TERMINATES the term of probation imposed in this case and discharges Ms. Bernstine for the reasons set forth above.

Dated: January 10, 2017

_____
UNITED STATES DISTRICT JUDGE